BADIAK & WILL, LLP
Attorneys for Defendants
EXPEDITORS INTERNATIONAL
OF WASHINGTON, INC., et al.
106 Third Street
Mineola, New York 11501-4404
(516) 877-2225
Our Ref.:  07-T-002-RB

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

FEDERAL INSURANCE COMPANY,

                    Plaintiff,

    -against-

EXPEDITORS INTERNATIONAL OF WASHINGTON,
INC.; EXPEDITORS INTERNATIONAL OCEAN;
EXPEDITORS INTERNATIONAL FRANCE SAS;

                  Defendants.
------------------------------------------------------------------------X

**ECF CASE**

**07 CV 3166 (PKC)**

**ANSWER**

      Defendants, EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.,

EXPEDITORS INTERNATIONAL OCEAN and EXPEDITORS INTERNATIONAL

FRANCE SAS. ("EXPEDITORS"), by their attorneys, BADIAK & WILL, LLP, answer

plaintiff's complaint, upon information and belief, as follows:

    1.  Deny knowledge or information sufficient to form a belief to the allegation in
paragraph "1" of plaintiff's complaint.

    2.  Denies knowledge or information sufficient to form a belief as to the allegations
in paragraph "2" of plaintiff's complaint.

    3.  Admit the allegations in paragraph "3" of the plaintiff's complaint.

    4.  Admit the allegations in paragraph "4" of the plaintiff's complaint.

    5.  Deny the allegations in paragraph "5" of the plaintiff's complaint.

6.  Deny the allegations in paragraph "6" of the plaintiff's complaint.

7.  Deny the allegations in paragraph "7" of the plaintiff's complaint.

8.  Deny the allegations in paragraph "8" of the plaintiff's complaint.

## FIRST AFFIRMATIVE DEFENSE

9.  In the event that the plaintiff had not or has not any title or interest in the shipment that is the subject matter of this action, then the plaintiff is not the real party in interest and is not entitled to maintain this suit.

## SECOND AFFIRMATIVE DEFENSE

10. If the shipment referred to in the complaint suffered any damage, loss or delay, such loss or delay was caused by parties over which this defendant had no control.

## THIRD AFFIRMATIVE DEFENSE

11. Any shipments that were carried by defendant are subject to all the terms and conditions of the applicable contracts of carriage or other contracts, bills of lading, tariffs and/or applicable regulations.  Defendant duly performed the terms and conditions on its part to be performed under the contracts of carriage or other contracts, bills of lading, tariffs and/or applicable regulations, statutes or treaties bar recovery.

## FOURTH AFFIRMATIVE DEFENSE

12. Defendant's liability, if any, is limited in accordance with the applicable contracts of carriage or other contracts, bill of lading, tariffs and/or applicable regulations, statutes or treaties.

## FIFTH AFFIRMATIVE DEFENSE

13. To the extent that plaintiff failed to meet the minimum filing requirement of filing a proper written claim within the times prescribed, this lawsuit is time barred.

### SIXTH AFFIRMATIVE DEFENSE

14. To the extent that plaintiff failed to file suit within the time period prescribed, this lawsuit is time barred.

### SEVENTH AFFIRMATIVE DEFENSE

15. The applicable contracts of carriage or other contracts, bills of lading, tariffs and/or applicable regulations, statutes and treaties do not contemplate responsibility for special or consequential damages. To the extent that plaintiff seeks recovery for special or consequential damages, defendant is not responsible.

### EIGHTH AFFIRMATIVE DEFENSE

16. Plaintiff failed to mitigate damages.

### NINTH AFFIRMATIVE DEFENSE

17. The alleged damage did not occur while the shipment was in the custody or control of this defendant.

### TENTH AFFIRMATIVE DEFENSE

18. If the shipment was lost or damaged, the loss or damage was caused in whole or in part by the negligence of plaintiff, plaintiff's agents, co-defendants, co-defendant's agents or other parties over which this defendant had no control and for whose negligence this defendant is not responsible.

### ELEVENTH AFFIRMATIVE DEFENSE

19. The contributory negligence of the shipper caused the loss and damage to the shipment.

### TWELFTH AFFIRMATIVE DEFENSE

20. The complaint fails to state a cause of action for which relief can be granted

against this answering defendant.

**WHEREFORE,** defendant, EXPEDITORS, demands judgment dismissing the

Complaint in its entirety or, alternatively, judgment limiting the liability pursuant to the

foregoing, together with costs and disbursements of defending the within action and all

other relief which to this Court may seem just and proper in the circumstances.


DATED:          Mineola, New York
                May 14, 2007



                                        Yours, etc.,

                                        BADIAK & WILL, LLP
                                        Attorneys for Defendants
                                        EXPEDITORS
                                        106 Third Street
                                        Mineola, New York 11501-4404
                                        (516) 877-2225
                                        Our Ref.:  07-T-002-RB



                                        By: _____
                                            ROMAN BADIAK (RB-1130)



TO:     Law Offices of David L. Mazaroli
        Attorney for Plaintiff
        11 Park Place-Suite 1214
        New York, New York 10007-2801
        (212) 267-8480



                                        4

Index No.:  **07 CV 3166 (PKC)**

## **AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                                ) SS.:
COUNTY OF NEW YORK  )

     I, **Kashirah Livingstone**, being duly sworn, deposes and says:

     I am not a party to the within action, am over 18 years of age and reside c/o Badiak & Will, LLP, 106 Third Street, Mineola, New York 11501-4404.  On May 11, 2007 I served the within **Answer** as follows:

                     Law Offices of David L. Mazaroli
                     11 Park Place, Suite 1214
                     New York, New York 10007-2801

By depositing a true copy thereof enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the U.S. Postal Service within the New York State.

KASHIRAH LIVINGSTONE

Sworn to before me this
Day of May 14, 2007

NOTARY PUBLIC

ROMAN BADIAK
Notary Public, State of New York
No. 4769729
Qualified in Nassau County
Commission Expires May 31, 20 10