BADIAK & WILL, LLP
Attorneys for Defendants and Third-Party Plaintiffs
EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., et al.
106 Third Street
Mineola, New York 11501-4404
(516) 877-2225
Our Ref.: 07-T-002-RB

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FEDERAL INSURANCE COMPANY,                    **ECF CASE**

               Plaintiff,                    07 Civ. 3166 (PKC)

   -against-                    **THIRD-PARTY COMPLAINT**

EXPEDITORS INTERNATIONAL OF
WASHINGTON, INC.; EXPEDITORS
INTERNATIONAL OCEAN; EXPEDITORS
INTERNATIONAL FRANCE SAS;

               Defendants.
-------------------------------------------------------------X
EXPEDITORS INTERNATIONAL OF
WASHINGTON, INC.; EXPEDITORS
INTERNATIONAL OCEAN; EXPEDITORS
INTERNATIONAL FRANCE SAS;

               Third-Party Plaintiffs,

   -against-

HYUNDAI MERCHANT MARINE, LTD.,
BURLINGTON NORTHERN SANTA FE
RAILROAD, AIR FRANCE and FEDEX
TRADE NETWORKS TRANSPORT &
BROKERAGE, INC.,

               Third-Party Defendants.
-------------------------------------------------------------X

      Defendants/Third-Party Plaintiffs, EXPEDITORS INTERNATIONAL OF

WASHINGTON, INC., EXPEDITORS INTERNATIONAL OCEAN and EXPEDITORS

INTERNATIONAL FRANCE SAS ("EIW"), by their attorneys, BADIAK & WILL, LLP, complain of Third-Party Defendants, HYUNDAI MERCHANT MARIN, LTD. ("HMM"), BURLINGTON NORTHERN SANTA FE RAILROAD ("BNSF"), AIR FRANCE and FEDEX TRADE NETWORKS TRANSPORT & BROKERAGE, INC., ("FEDEX"), upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure with respect to the shipment described in Schedule A of Plaintiff's Complaint. As to the shipment described in Schedule B of Plaintiff's Complaint there is federal question subject matter jurisdiction as the claim arises under a treaty of the United States, specifically the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876 (1934), reprinted in note following 49 U.S.C. Sec. 1502 (the "Warsaw Convention"), and certain amendments thereto.

3. At and during all the times hereinafter mentioned, Third-Party Defendant HMM, was and still is a corporation duly organized and existing under and by virtue of the laws of a foreign nation with an office and place of business located at 300 Sylvan Avenue, 2nd Floor, Englewood Cliffs, New Jersey 07632 and was a common carrier of merchandise by water for hire and a bailee of cargo and owned, operated, managed, chartered and/or controlled the vessel "PRESIDENT TRUMAN".

4. At and during all the times hereinafter mentioned, Third-Party Defendant, BNSF, was and still is a corporation duly organized and existing under and by virtue of the laws of one of the United States of American with an office and place of business

located at 920 SE Quincy, Topeka, Kansas 66612 and is a common carrier of merchandise by rail for hire and a bailee of cargo.

5.    At and during all the times hereinafter mentioned, Third-Party Defendant, AIR FRANCE, was and still is a corporation duly organized and existing under and by virtue of the laws of a foreign nation with an office and place of business located at 125 W. 55th Street, New York, New York 10019 and is a common carrier of merchandise by air for hire and a bailee of cargo.

6.    At and during all the times hereinafter mentioned, Third-Party Defendant, FEDEX, was and still is a corporation duly organized and existing under and by virtue of the laws of one of the United States of America with an office and place of business located at 1 Cross Island Plaza, Suite 308, Rosedale, New York 11422 and is an a logistics company and customs broker for hire and a bailee of cargo.

7.    The Plaintiff alleges in Schedule A of its Complaint that on or October 5, 2005, Defendant/Third-Party Plaintiff, EIW, breached a contract of carriage in which it agreed to transport a shipment of clothing from Bangladesh to Los Angeles, by delivering the shipment damaged thereby causing damage to Plaintiff in the amount of $5,970.67. A copy of Plaintiff's Complaint is attached hereto as Exhibit A and a copy of Defendant/Third-Party Plaintiff's Answer is attached hereto as Exhibit B and by this reference are incorporated herein.

8.    Plaintiff's shipment was stowed in container EMDMU41901080 and was carried pursuant to HMM's bill of lading #hdmucqwb0111714 issued to EIW on board the vessel "PRESIDENT TRUMAN" and subsequently by Third-Party Defendant, BNSF.

9. If the cargo carried in container #HDMU41901080 sustained damage or any loss as alleged in Plaintiff's Complaint in Schedule A and asserted by other claimants, then such damage was caused in whole or in part, by the acts, omissions, fault, neglect, breach of contract, breach of warranty, express or implied and/or in violation of laws on the part of Third-Party Defendants HMM and BNSF.

10. The Plaintiff alleges in Schedule B of its Complaint that on or November 2, 2006 Defendant/Third-Party Plaintiff, EIW, breached a contract of carriage in which it agreed to transport a shipment of laboratory equipment from France to New York, by delivering the shipment damaged thereby causing damage to plaintiff in the amount of $38,985.00. A copy of Plaintiff's Complaint is attached hereto as Exhibit A and a copy o Defendant/Third-Party Plaintiff's Answer is attached hereto as Exhibit B and by this reference are incorporated herein.

11. Plaintiff's shipment was carried pursuant to AIR FRANCE's bill of lading #057-74608170 issued to EIW.

12. If the cargo sustained damage to any loss as alleged in Plaintiff's Complaint in Schedule B and asserted by other claimants, then such damage was caused in whole or in part, by the acts, omissions, fault, neglect, breach of contract, breach of warranty, express or implied and/or in violation of laws on the part of Third-Party Defendants, AIR FRANCE and FEDEX.

13. In accordance with the terms and provision of the Federal Rules of Civil Procedure, Rule 14(c), Defendant/Third-Party Plaintiffs tender the Third-Party Defendants to plaintiff and demand judgment against Third-Party Defendants in favor of plaintiff and/or other claimants.

14. If the plaintiff recovers a judgment against Defendant/Third-Party Plaintiffs, EIW will be entitled to indemnification and Third-Party Defendants will be required to reimburse EIW for the amount of any judgment as well as all expenses, including attorney's fees, incurred in the defense of this action.

**WHEREFORE**, Defendant/Third-Party Plaintiffs EIW, pray that:

1. Process in due form of law may issue against Third-Party Defendants, citing them to appear and answer all and singular, the matters aforesaid and to answer the Plaintiff's Complaint as provided in Rule 14(c) of the Federal Rules of Civil Procedure.

2. Judgment be entered in favor of Defendant/Third-Party Plaintiffs, EIW, against Third-Party Defendants for indemnity and/or contribution.

3. Judgment be entered adjudging Third-Party Defendants directly liable to Plaintiff and/or other claimants for damages claimed by them.

4. The Plaintiff's action against Defendant/Third-Party Plaintiffs, EIW, be dismissed.

5. For costs of suit incurred herein including reasonable attorney's fees.

6. For such other and further relief as the Court may deem just and proper.

DATED:   Mineola, New York
         June 12, 2007

Yours, etc.,

BADIAK & WILL, LLP
Attorneys for Defendants/
Third-Party Plaintiffs
EXPEDITORS INTERNATIONAL
OF WASHINGTON, INC., et al.
106 Third Street

Mineola, New York 11501-4404
(516) 877-2225
Our Ref.: 07-T-002-RB

By: _____
ROMAN BADIAK (RB-1130)

TO: LAW OFFICES OF
DAVID L. MAZAROLI, ESQ.
Attorneys for Plaintiff
11 Park Place, Suite 1214
New York, New York 10007
(212) 267-8480

Index No.: 3166 (PKC)

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                    )SS.:
COUNTY OF NASSAU    )

**I, Luz M. Webb**, being duly sworn, deposes and says:

I am not a party to the within action, am over 18 years of age and reside c/o Badiak & Will, LLP, 106 3rd Street, Mineola, New York 11501-4404. On June 12, 2007, I served the within THIRD-PARTY COMPLAINT on:

LAW OFFICES OF
DAVID L. MAZAROLI, ESQ.
Attorneys for Plaintiff
11 Park Place, Suite 1214
New York, New York 10007
(212) 267-8480

By depositing a true copy thereof enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

_____
LUZ M. WEBB

Sworn to before me this
12th Day of June, 2007

_____
NOTARY PUBLIC

ROMAN BADIAK
Notary Public, State of New York
No. 4769729
Qualified in Nassau County
Commission Expires May 31, 2010

David L. Mazaroli (DM-3929)
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
*e-mail: dlm@mazarolilaw.com*

------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

|  |  |
|---|---|
| FEDERAL INSURANCE COMPANY;          : | ECF CASE |
|                                     : |  |
| Plaintiff,                          : | 07 Civ. 3166 (PKC) |
|                                     : |  |
| - against -                         : | **COMPLAINT** |
|                                     : |  |
| EXPEDITORS INTERNATIONAL OF         |  |
| WASHINGTON, INC.; EXPEDITORS        : |  |
| INTERNATIONAL OCEAN; EXPEDITORS     |  |
| INTERNATIONAL FRANCE SAS;           : |  |
|                                     : |  |
| Defendants.                         : |  |
|                                     : |  |

------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against defendants:

1.   Plaintiff Federal Insurance Company is a corporation organized under the laws of one of the fifty states with an office at 55 Water Street, New York, New York, and sues herein as subrogated cargo insurer, having paid the insurance claims of Miss Elaine Inc. for the shipment described in the annexed Schedule A and Trinity Biotech USA for the shipment described in the annexed Schedule B. Both schedules are incorporated herein by reference. Plaintiff also sues for and on behalf of the shippers, consignees and owners of the respective cargoes, as their interests may appear.

2.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure with respect to the shipment described in Schedule A. As to the shipment described in Schedule B there is federal question subject matter jurisdiction as the claim arises under a treaty of the United States, specifically the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876 (1934), reprinted in note following 49 U.S.C. Sec. 1502 (the "Warsaw Convention"), and certain amendments thereto. Plaintiff seeks recovery for cargo loss and damage caused by defendants' breaches of contract and torts.

3.   The defendants are believed to be corporations organized under the laws of certain of the fifty states and/or a foreign sovereign.

4.   This Court has *in personam* jurisdiction over the defendants, who conduct business in the State of New York and/or within the United States as a whole within the meaning of pursuant to Rule 4(k)(2) Federal Rules of Civil Procedure.

5.   This action involves loss and damage, including water damage, to a shipment of readymade garments which are described in Schedule A, said damage having been caused by the unseaworthiness of the carrying vessel and defendant Expeditors International Ocean's negligent failure to properly and safely load, stow, carry, discharge and deliver the shipment.

6.   This action also involves damage to the temperature-sensitive shipment of laboratory reactives and equipment described in Schedule B which was caused by defendant Expeditors International France S.A.S.'s fundamental breach of, and deviation from, the terms of the governing carriage contract, including the specific provisions for temperature-controlled care for which accessorial freight charges were paid.

7.   As a result of the foregoing, plaintiff and those on whose behalf it sues, has sustained damages in the amount of $44,956.27 ($5,970.67 for the Schedule A claim;

and $38,985.60 for the Schedule B Claim) for which defendants are jointly and severally liable as common carriers, bailees and/or warehousemen for hire.

8. Plaintiff sues on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

WHEREFORE, plaintiff demands judgment against defendants jointly and severally in the amount of $44,956.27 together with interest at the rate of 9% per annum and the costs of this action, together with such other and further relief as warranted by justices

Dated: New York, New York
April 19, 2007

                        Law Offices
                        DAVID L. MAZAROLI

                        *s/David L. Mazaroli*

                        _____
                        David L. Mazaroli (DM3929)
                        Attorney for Plaintiff
                        11 Park Place - Suite 1214
                        New York, New York 10007
                        Tel. (212)267-8480
                        Fax (212)732-7352
                        E-mail: dlm@mazarolilaw.com
                        File Nos. 6C-1364 & 7C-1489

## SCHEDULE A

| | |
|---|---|
| Subrogated Insurer: | Federal Insurance Company |
| Plaintiff's subrogor: | Miss Elaine Inc. |
| Vessel: | M/V "PRESIDENT TRUMAN" |
| Voyage: | 00117 |
| House B/L No.: | 610312764 |
| Master B/L No.: | HDMUCQWB0111714 |
| Dated: | October 5, 2005 |
| Container No.: | HDMU41901080 |
| Port of Loading: | Chittagong/Bangladesh |
| Port of Discharge: | Los Angeles/California |
| Port of Delivery: | St. Louis/Missouri |
| Commodity: | 4,763 cartons of clothing |
| Claim Amount: | $5,970.67 |
| Expeditors Claim: | 05-24547 |
| Plaintiffs' Ref.: | 46140/09 |
| DLM File: | 6C-1364 |

## SCHEDULE B

| | |
|---|---|
| Subrogated Insurer: | Federal Insurance Company |
| Plaintiff's subrogor: | Trinity Bioetech USA |
| House Air Waybill No.: | HAWB 410234350 |
| Master Air Waybill No.: | MAWB 057-74608170 |
| Dated: | November 2, 2006 |
| Origin: | France |
| Destination: | New York |
| Commodity: | laboratory equipment |
| Claim Amount: | $38,985.60 |
| Expeditors Claim: | 2060558076 |
| Plaintiff's Ref.: | 35339994/08 |
| DLM File: | 7C-1489 |

BADIAK & WILL, LLP
Attorneys for Defendants
EXPEDITORS INTERNATIONAL
OF WASHINGTON, INC., et al.
106 Third Street
Mineola, New York 11501-4404
(516) 877-2225
Our Ref.: 07-T-002-RB

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FEDERAL INSURANCE COMPANY,

                     Plaintiff,

  -against-

EXPEDITORS INTERNATIONAL OF WASHINGTON,
INC.; EXPEDITORS INTERNATIONAL OCEAN;
EXPEDITORS INTERNATIONAL FRANCE SAS;

                     Defendants.
------------------------------------------------------------------------X

**ECF CASE**

**07 CV 3166 (PKC)**

**ANSWER**

      Defendants, EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., EXPEDITORS INTERNATIONAL OCEAN and EXPEDITORS INTERNATIONAL FRANCE SAS. ("EXPEDITORS"), by their attorneys, BADIAK & WILL, LLP, answer plaintiff's complaint, upon information and belief, as follows:

    1. Deny knowledge or information sufficient to form a belief to the allegation in paragraph "1" of plaintiff's complaint.

    2. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph "2" of plaintiff's complaint.

    3. Admit the allegations in paragraph "3" of the plaintiff's complaint.

    4. Admit the allegations in paragraph "4" of the plaintiff's complaint.

    5. Deny the allegations in paragraph "5" of the plaintiff's complaint.

6. Deny the allegations in paragraph "6" of the plaintiff's complaint.

7. Deny the allegations in paragraph "7" of the plaintiff's complaint.

8. Deny the allegations in paragraph "8" of the plaintiff's complaint.

### FIRST AFFIRMATIVE DEFENSE

9. In the event that the plaintiff had not or has not any title or interest in the shipment that is the subject matter of this action, then the plaintiff is not the real party in interest and is not entitled to maintain this suit.

### SECOND AFFIRMATIVE DEFENSE

10. If the shipment referred to in the complaint suffered any damage, loss or delay, such loss or delay was caused by parties over which this defendant had no control.

### THIRD AFFIRMATIVE DEFENSE

11. Any shipments that were carried by defendant are subject to all the terms and conditions of the applicable contracts of carriage or other contracts, bills of lading, tariffs and/or applicable regulations. Defendant duly performed the terms and conditions on its part to be performed under the contracts of carriage or other contracts, bills of lading, tariffs and/or applicable regulations, statutes or treaties bar recovery.

### FOURTH AFFIRMATIVE DEFENSE

12. Defendant's liability, if any, is limited in accordance with the applicable contracts of carriage or other contracts, bill of lading, tariffs and/or applicable regulations, statutes or treaties.

### FIFTH AFFIRMATIVE DEFENSE

13. To the extent that plaintiff failed to meet the minimum filing requirement of filing a proper written claim within the times prescribed, this lawsuit is time barred.

## SIXTH AFFIRMATIVE DEFENSE

14. To the extent that plaintiff failed to file suit within the time period prescribed, this lawsuit is time barred.

## SEVENTH AFFIRMATIVE DEFENSE

15. The applicable contracts of carriage or other contracts, bills of lading, tariffs and/or applicable regulations, statutes and treaties do not contemplate responsibility for special or consequential damages. To the extent that plaintiff seeks recovery for special or consequential damages, defendant is not responsible.

## EIGHTH AFFIRMATIVE DEFENSE

16. Plaintiff failed to mitigate damages.

## NINTH AFFIRMATIVE DEFENSE

17. The alleged damage did not occur while the shipment was in the custody or control of this defendant.

## TENTH AFFIRMATIVE DEFENSE

18. If the shipment was lost or damaged, the loss or damage was caused in whole or in part by the negligence of plaintiff, plaintiff's agents, co-defendants, co-defendant's agents or other parties over which this defendant had no control and for whose negligence this defendant is not responsible.

## ELEVENTH AFFIRMATIVE DEFENSE

19. The contributory negligence of the shipper caused the loss and damage to the shipment.

## TWELFTH AFFIRMATIVE DEFENSE

20. The complaint fails to state a cause of action for which relief can be granted against this answering defendant.

**WHEREFORE,** defendant, EXPEDITORS, demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting the liability pursuant to the foregoing, together with costs and disbursements of defending the within action and all other relief which to this Court may seem just and proper in the circumstances.

DATED:   Mineola, New York
         May 14, 2007

Yours, etc.,

BADIAK & WILL, LLP
Attorneys for Defendants
EXPEDITORS
106 Third Street
Mineola, New York 11501-4404
(516) 877-2225
Our Ref.: 07-T-002-RB

By: _____
ROMAN BADIAK (RB-1130)

TO:   Law Offices of David L. Mazaroli
      Attorney for Plaintiff
      11 Park Place-Suite 1214
      New York, New York 10007-2801
      (212) 267-8480

4

Index No.: **07 CV 3166 (PKC)**

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF NEW YORK   )

I, **Kashirah Livingstone**, being duly sworn, deposes and says:

I am not a party to the within action, am over 18 years of age and reside c/o Badiak & Will, LLP, 106 Third Street, Mineola, New York 11501-4404. On May 11, 2007 I served the within **Answer** as follows:

        Law Offices of David L. Mazaroli
        11 Park Place, Suite 1214
        New York, New York 10007-2801

By depositing a true copy thereof enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the U.S. Postal Service within the New York State.

_____
KASHIRAH LIVINGSTONE

Sworn to before me this
Day of May 14, 2007

_____
NOTARY PUBLIC

ROMAN BADIAK
Notary Public, State of New York
No. 4769729
Qualified in Nassau County
Commission Expires May 31, 20_10_