Ilene J. Feldman, Esq. (IF1045)
COLLINS & FELDMAN
Attorneys for Third-Party Defendant BNSF Railway Company
20 Vesey Street, Suite 503
New York, New York 10007
(866) 434-4440
   and
325 Reef Road, Suite 105
Fairfield, CT 06824
(203) 254-2277

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
FEDERAL INSURANCE COMPANY,               :
                                                         :   ECF CASE
                 Plaintiff,    :
                                                         :   07 Civ. 3166
   v.                                             :
                                                         :   Judge Castel
EXPEDITORS INTERNATIONAL OF          :
WASHINGTON, INC., EXPEDITORS          :
INTERNATIONAL OCEAN; EXPEDITORS    :
INTERNATIONAL FRANCE SAS,             :
                                                          :
                 Defendants.   :
-----------------------------------------------------------------X
EXPEDITORS INTERNATIONAL OF          :
WASHINGTON, INC., EXPEDITORS          :
INTERNATIONAL OCEAN; EXPEDITORS    :
INTERNATIONAL FRANCE SAS,             :
                                                          :
               Third-Party Plaintiffs,  :
   v.                                             :
                                                          :
EXPEDITIORS INTERNATIONAL OF         :
WASHINGTON, INC., EXPEDITORS          :
INTERNATIONAL OCEAN; EXPEDITORS    :
INTERNATIONAL FRANCE SAS,             :
                                                          :
               Third-Party Defendants.  :
-----------------------------------------------------------------X

## ANSWER AND AFFIRMATIVE DEFENSES
## OF THIRD-PARTY DEFENDANT BNSF RAILWAY COMPANY

Third-Party Defendant BNSF Railway Company ("BNSF") by its attorneys, Collins & Feldman, for its Answer and Affirmative Defenses to the Third-Party Complaint alleges upon information and belief:

1. BNSF denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 1 of the Third-Party Complaint and therefore denies the same and leaves Third-Party Plaintiffs to their proof.

2. BNSF denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 2 of the Third-Party Complaint and therefore denies the same and leaves Third-Party Plaintiffs to their proof.

3. BNSF denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 3 of the Third-Party Complaint and therefore denies the same and leaves Third-Party Plaintiffs to their proof.

4.  BNSF admits that it is a corporation, a rail carrier and that it has an office and place of business in Topeka, Kansas. BNSF denies the remaining allegations contained in Paragraph 4 of the Third-Party Complaint.  .

5. BNSF denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 5 of the Third-Party Complaint and therefore denies the same and leaves Third-Party Plaintiffs to their proof.

6. BNSF denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 6 of the Third-Party Complaint and therefore denies the same and leaves Third-Party Plaintiffs to their proof.

7. BNSF denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 7 of the Third-Party Complaint and therefore denies the same and leaves Third-Party Plaintiffs to their proof.

8. BNSF denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 8 of the Third-Party Complaint and therefore denies the same and leaves Third-Party Plaintiffs to their proof.

9. BNSF denies the allegations contained in Paragraph 9 of the Third-Party Complaint.

10. BNSF denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 10 of the Third-Party Complaint and therefore denies the same and leaves Third-Party Plaintiffs to their proof.

11. BNSF denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 11 of the Third-Party Complaint and therefore denies the same and leaves Third-Party Plaintiffs to their proof.

12. BNSF denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 12 of the Third-Party Complaint and therefore denies the same and leaves Third-Party Plaintiffs to their proof.

13. BNSF denies the allegations contained in Paragraph 13 of the Third-Party Complaint.

14. BNSF denies the allegations contained in Paragraph 14 of the Third-Party Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

15. In the event that the plaintiff or Third-Party Plaintiff have not or has not any title or interest in the shipments that are the subject of this action, then neither plaintiff nor Third-Party Plaintiffs are the real party in interest herein and are not entitled to maintain this suit.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

16. The shipment referred to in the Third-Party Complaint was loaded and counted by the shipper and/or its agent. BNSF is not responsible for any damage to such shipment caused by the improper loading thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

17. BNSF is not responsible for any loss or damage or delay, such loss, damage or delay was caused by parties over whom it had no control.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

18. In the event that that the plaintiffs and/or Third-Party Defendants failed to meet the minimum filing requirements of filing a proper written claim within the time prescribed, this lawsuit is time barred.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

19. In the event that plaintiffs and/or Third-Party Defendants failed to file suit within the period prescribed, this lawsuit is time barred.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

20. The Third-Party Complaint fails to state a claim upon which relief may be granted.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

21. The contract of carriage does not contemplate responsibility for special damages or lost profits. To the extent that plaintiffs and/or Third-Party Plaintiffs seek recovery for such damages, BNSF is not responsible.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

22. In the event that said shipment moved subject to any statutory or contractual

limitations of liability, either specifically agreed to or contained in any applicable tariffs and/or governing publications, neither plaintiffs nor Third-Party Plaintiffs may recover in excess of such limitations.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

39.     Plaintiffs' and Third-Party Plaintiffs' state law claims are preempted by federal law.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

40.     To the extent that the Plaintiffs and/or Third-Party Plaintiffs have failed to mitigate their damages, such damages are proscribed from being recovered.

Wherefore, BNSF demands judgment: 1. dismissing the Third-Party Complaint with prejudice together with costs, disbursements and reasonable counsel fees; and 2. for such other relief this Court may deem just and proper.

Dated: September 4, 2007

By_____/s/ Ilene J. Feldman_____
Ilene J. Feldman, Esq. (IF1045)
COLLINS & FELDMAN
Attorneys for Third-Party Defendant
BNSF Railway Company
20 Vesey Street, Suite 503
New York, New York 10007
(866) 434-4440
and
325 Reef Road, Suite 105
Fairfield, CT 06824
(203) 254-2277

To:  David L. Mazaroli, Esq. (DM-2929)
     11 Park Place, Suite 1214
     New York, New York 10007-2801

     Attorneys for Plaintiff

     Jim Krauzlis, Esq.
     Badiak & Will, LLP
     106 Third Street
     Mineola, New York 11501-4404

     Attorneys for Defendants and Third Party Plaintiffs