9010/RHD
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006
(212) 344-7042

Attorneys for Third-Party Defendant Hyundai Merchant Marine Co. Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEDERAL INSURANCE COMPANY,

                      Plaintiff,

- against -

EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.; EXPEDITORS INTERNATIONAL OCEAN; EXPEDITORS INTERNATIONAL FRANCE SAS;

                      Defendant.

---

EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.; EXPEDITORS INTERNATIONAL OCEAN; EXPEDITORS INTERNATIONAL FRANCE SAS;

                      Third-Party Plaintiffs,

-against-

HYUNDAI MERCHANT MARINE, LTD., BURLINGTON NORTHERN SANTA FE RAILROAD, AIR FRANCE AND FEDEX TRADE NETWORKS TRANSPORT & BROKERAGE, INC.,

                      Third-Party Defendant.

07 Civ. 3166 (PKC)

**ANSWER TO THIRD-PARTY COMPLAINT WITH CROSS-CLAIM**

      Third-Party Defendant Hyundai Merchant Marine Co. Ltd. (incorrectly sued as "Hyundai Merchant Marine, Ltd.") ("HMM"), by its attorneys Cichanowicz, Callan, Keane, Vengrow &

Textor, LLP, answering the third-party complaint and cross-claiming against third-party defendant Burlington Northern Santa Fe Railroad ("BNSF"), alleges upon information and belief as follows:

1. Denies knowledge or information sufficient to form of belief as to the truth of the allegations of paragraph 1.

3. Admits that HMM is a corporation organized and existing under the laws of a foreign nation with an agency office in New Jersey as alleged, that HMM was a carrier of the container identified in the complaint, and that HMM was a charterer of the vessel, but except as so specifically admitted, denies the allegations of paragraph 3.

4. Denies knowledge or information sufficient to form of belief as to the truth of the allegations of paragraph 4.

5. Denies knowledge or information sufficient to form of belief as to the truth of the allegations of paragraph 5.

6. Denies knowledge or information sufficient to form of belief as to the truth of the allegations of paragraph 6.

7. Denies the allegations of paragraph 7.

8. Admits that HMM issued bill of lading HDMUCQWB0111714 for the carriage of three containers, including container HDMU41901080 said to contain certain garments, from the port of Chittagong to the port of Los Angeles on CY/CY terms on the vessel PRESIDENT TRUMAM, and admits that the container was subsequently carried by BNSF, but except as so specifically admitted, denies the allegations of paragraph 8.

9. Denies the allegations of paragraph 9.

10. Denies the allegations of paragraph 10.

11. Denies knowledge or information sufficient to form of belief as to the truth of the allegations of paragraph 11.

12. No response is required from HMM because the allegations are not directed at HMM.

13. Denies the allegations of paragraph 13.

14. Denies the allegations of paragraph 14.

### AS AND FOR AFFIRMATIVE DEFENSES TO ALL CLAIMS, HMM ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS

15. Repeat and reallege each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

### FIRST AFFIRMATIVE DEFENSE

16. The above shipment was subject to all the terms, conditions and exceptions contained in the HMM bill of lading.

### SECOND AFIRMATIVE DEFENSE

17. Any loss and/or damage to the above shipment was due to causes for which HMM is not liable or responsible by virtue of the provisions the applicable Carriage of Goods by Sea Act and/or Harter Act and/or general maritime law.

### THIRD AFFIRMATIVE DEFENSE

18. Plaintiff failed to mitigate its damages.

### FOURTH AFFIRMATIVE DEFENSE

19. Any damage to and/or loss of the above shipment was caused by or due to the acts, omissions, fault or neglect of the owners of the shipment, the shippers or receivers and their agents or the nature of the shipment, including inherent vice, or resulted from the

acts, omissions, fault or neglect of other persons or entities for which HMM is neither responsible nor liable.

### FIFTH AFFIRMATIVE DEFENSE

20. HMM's liability, if any, is limited to $500 per package or, for goods not shipped in packages, $500 per customary freight unit.

### SIXTH AFFIRMATIVE DEFENSE

21. The third-party complaint should be dismissed pursuant to the Korean forum selection clause in the HMM bill of lading.

### SEVENTH AFFIRMATIVE DEFENSE

22. The third-party complaint is time-barred.

### AS AND FOR A CROSS-CLAIM AGAINST DEFENDANT BNSF, HMM ALLEGES UPON INFORMATION AND RELIEF AS FOLLOWS:

23. Repeat and realleges each and every allegation set forth above with the same force and effect as if herein repeated and set forth at length.

24. The cargo damage/loss alleged in plaintiff's complaint was caused by the acts, omissions, fault, negligence breach of contract and/or breach of warranty of defendant BNSF and/or its servants and/or agents.

25. Therefore, if HMM is liable to plaintiff, whether by judgment or settlement, then SK Shipping is entitled to indemnity from BNSF including recovery of the attorneys' fees and costs.

WHEREFORE, HMM prays for:

(a) An order dismissing the complaint and third-party complaint;

(b) Judgment in its favor on its cross-claim;

(c) An award of all costs including attorneys' fees; and

(d) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
September 5, 2007

                          Respectfully submitted,

                          CICHANOWICZ, CALLAN, KEANE,
                          VENGROW & TEXTOR, LLP
                          Attorneys for Third-Party Defendant
                          Hyundai Merchant Marine Co. Ltd.

                          By: s/ Randolph H. Donatelli
                                Randolph H. Donatelli (RHD-5359)
                          61 Broadway, Suite 3000
                          New York, New York 10006-2802
                          (212) 344-7042

To:    David Mazaroli, Esq.
       11 Park Place – Suite 1214
       New York, New York 10007
       (212) 267-8480

       Badiak & Will, LLP
       106 3rd Street
       Mineola, New York 11501-4404
       (516) 877-2225

       Collins & Feldman
       20 Vesey Street, Suite 105
       New York, New York 10007
       (866) 434-4440

## CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL AND BY ECF

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On September 5, 2007, I served a complete copy of HYUNDAI MERCHANT MARINE CO. LTD'S ANSWER TO THIRD-PARTY COMPLAINT WITH CROSS-CLAIM, by regular U.S. mail and by ECF, to the following attorneys at their ECF registered address and at the following address:

To:  David Mazaroli, Esq.
     11 Park Place – Suite 1214
     New York, New York 10007
     (212) 267-8480

     Badiak & Will, LLP
     106 3rd Street
     Mineola, New York  11501-4404
     (516) 877-2225

     Collins & Feldman
     20 Vesey Street, Suite 105
     New York, New York 10007
     (866) 434-4440

*Jennifer Scianna*
Jennifer Scianna

DATED:   September 5, 2007
         New York, New York