ABRAMS, FENSTERMAN, FENSTERMAN,
EISMAN, GREENBERG, FORMATO & EINIGER, LLP
Attorneys for Defendant
New England Motor Freight, Inc.
Todd C. Rubenstein (TCR-8884)
1111 Marcus Avenue-Suite 107
Lake Success, New York 11042
516-328-2300
-------------------------------------------------------X
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

FEDERAL INSURANCE COMPANY;                    ECF CASE

                 Plaintiff(s),

vs.

EXEPEDITORS INTERNATIONAL OF              Case Number:  07-CV-3166 (PKC)
WASHINGTON, INC.; EXPEDITORS
INTERNATIONAL OCEAN; EXPEDITORS
INTERNATIONAL FRANCE SAS; NEW
ENGLAND MOTOR FREIGHT, INC.; FED
EX TRADE NETWORKS TRANSPORT &
BROKERAGE, INC.,


                 Defendant(s).
-------------------------------------------------------X
EXEPEDITORS INTERNATIONAL OF
WASHINGTON, INC.; EXPEDITORS
INTERNATIONAL OCEAN; EXPEDITORS          **ANSWER WITH AFFIRMATIVE**
INTERNATIONAL FRANCE SAS,                 **DEFENSES AND CROSS-CLAIMS**

                 Third-Party Plaintiffs,

vs.

AIR FRANCE; FEDEX TRADE NETWORKS
TRANSPORT & BROKERAGE, INC.,

                 Third-Party Defendants.
-------------------------------------------------------X

Defendant, **New England Motor Freight, Inc.,** as and for its Answer to Plaintiff's Amended Complaint as to Schedule B Claim, through its attorneys, alleges upon information and belief, as follows:

1.       Defendant, New England Motor Freight, Inc., denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the Complaint.

2.       Defendant, New England Motor Freight, Inc., denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2" of the Complaint.

3.       Defendant, New England Motor Freight, Inc., admits each and every allegation contained in paragraph "3" as to it.

4.       Defendant, New England Motor Freight, Inc., denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" of the Complaint.

5.       Defendant, New England Motor Freight, Inc., denies each and every allegation contained in paragraph "5" of the Complaint.

6.       Defendant, New England Motor Freight, Inc., denies each and every allegation contained in paragraph "6" of the Complaint.

7.       Defendant, New England Motor Freight, Inc., denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "7" of the Complaint.

## AS AND FOR A FIRST SEPARATE AND DISTINCT
## AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

8.       For a further and special answer herein, if such be necessary, this defendant avers that plaintiff's Complaint fails to state a cause of action upon which relief can be granted under the Carmack Amendment to the ICC Termination Act of 1995, 49 U.S.C. Section 14706, and must therefore be dismissed.

### AS AND FOR A SECOND SEPARATE AND DISTINCT
### AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

9.      For further and special answer herein, if such be necessary, and in the alternative, this defendant avers that if the shipments referred to in the Complaint suffered any loss, damage or delay, that loss, damage or delay was caused by actions or omissions over which this defendant had no control.  Plaintiff is barred from any recovery against New England Motor Freight, Inc.

### AS AND FOR A THIRD SEPARATE AND DISTINCT
### AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

10.     For further and special answer herein, if such be necessary, and in the alternative, this defendant avers that whatever shipments were received for transportation were accepted in accordance with, and subject to, all the terms and conditions of the bills of lading and also subject to the effect of classifications and tariffs, rules set forth therein, the rules and regulations of the Federal Highway Administration and Federal Motor Carrier Safety Administration and the rules, regulations and practices of New England Motor Freight, Inc. applicable thereto, including terminal tariffs, which together form the contract of carriage between the parties for the transportation of said shipments.  New England Motor Freight, Inc. complied with its motor carrier obligations there under in good faith, received a signed delivery receipt without notation or exception, and therefore is not liable to plaintiff.

### AS AND FOR A FOURTH SEPARATE AND DISTINCT
### AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

11.     For further and special answer herein, the Bill of Lading Agreement contained a provision in Section 1(b) as follows:

"No carrier shall be liable for any loss thereof or damage thereto or delay caused by...the act or default of the shipper."

Any delay or failure to deliver is due to the act or fault of plaintiff and/or third party, including improper packaging, as defined by the National Motor Freight Classification and failure to specify any restrictions in the bill of lading, requiring dismissal of plaintiff's complaint.

## AS AND FOR A FIFTH SEPARATE AND DISTINCT
## AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

12.     For further and special answer herein, the subject shipment(s) moved at a released value not exceeding $5.00 per pound in accordance with Item #849 of NEMF Tariff 105. To the extent plaintiff is entitled to recovery, which is specifically denied, plaintiff's recovery cannot exceed the stated Tariff amount.

## AS AND FOR A SIXTH SEPARATE AND DISTINCT
## AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

13.     For further and special answer herein, if such be necessary, and in the alternative, this defendant avers that the plaintiff's claims are barred by the doctrine(s) of accord and satisfaction, estoppel, latches, waiver, and/or unclean hands.

## AS AND FOR A SEVENTH SEPARATE AND DISTINCT
## AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

14.     For further and special answer herein, if such be necessary, and in the alternative, this defendant avers that the bill of lading, tariffs and classifications which constitute the contract of carriage did not contemplate carrier responsibility for special damages. To the extent any of the damages sought in the complaint are special damages, this defendant is not responsible.

### AS AND FOR A EIGHTH SEPARATE AND DISTINCT
### AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

15.     For further and special answer herein, if such be necessary, and in the alternative, this defendant avers that the plaintiff's loss was caused in part by the negligence of plaintiff or third party(ies) and any recovery against this defendant/ must be reduced proportionately in the respect thereof.

### AS AND FOR AN NINTH SEPARATE AND DISTINCT
### AFFIRMATIVE DEFENSE, DEFENDANT  ALLEGES:

16.     For further and special answer herein, if such be necessary, and in the alternative, this defendant avers that the bill of lading contract further provided in Section 2(d) as follows:

> "... Any carrier or party liable for loss of or damage to any of said property shall have the full benefit of any insurance that may have been effected, upon account of said property, so far as this shall not avoid the policies or contracts of insurance, PROVIDED, that the carrier receiving the benefit of such insurance will reimburse claimant for the premium paid on the insurance policy or contract..."

This defendant is entitled to the benefit of all monies paid by any insurance carrier on this claim provided it compensates the claimant for the premiums paid.

### AS AND FOR A TENTH SEPARATE AND DISTINCT
### AFFIRMATIVE DEFENSE, DEFENDANT  ALLEGES:

17.     The Bill of Lading Agreement further provided in Sections 3(a) (b) and (c) as follows:

(a)  As a condition precedent to recovery, claims must be filed in writing with: any participating carrier having sufficient information to identify the shipment.

(b)  Claims for loss or damage must be filed within nine months after the delivery of the property (or, in the case of export traffic, within nine

months after delivery at the port of export), except that claims for failure to make delivery must be filed within nine months after a reasonable time for delivery has elapsed.

(c) Suits for loss, damage, injury or delay shall be instituted against any carrier no later than two years and one day from the day when written notice is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts of the claim specified in the notice. Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier shall be liable, or such claims will not be paid.

In the event that the claim was not filed nor suit instituted or any of the shipments that are the subject matter of the Complaint herein within the time prescribed by such limits, suit on such shipments is barred.

## AS AND FOR A ELEVENTH SEPARATE AND DISTINCT
## AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

18.    For further and special answer herein, if such be necessary, and in the alternative, this defendant avers that if the plaintiff did not have or does not have any title, interest or rights in the shipments that are the subject of this action, then the plaintiff is not the real party of interest herein, and is not entitled to maintain this suit.

## AS AND FOR A TWELFTH SEPARATE AND DISTINCT
## AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

19.    Federal law preempts all state and common law remedies and constitutes the exclusive avenue for recovery against an interstate carrier for alleged loss or damage to transported goods.

### AS AND FOR CROSS-CLAIMS AGAINST EXEPEDITORS INTERNATIONAL OF WASHINGTON, INC.; EXPEDITORS INTERNATIONAL OCEAN; EXPEDITORS INTERNATIONAL FRANCE SAS; FED EX TRADE NETWORKS TRANSPORT & BROKERAGE, INC.

20.    New England Motor Freight, Inc., repeats and realleges each and every response and defense set forth above with the same force and effect a if herein repeated and set forth at length.

21.    The cargo damage/loss alleged in plaintiff's complaint, if any, which is specifically denied, was caused by the acts, omissions, fault, negligence, breach of contract and/or breach of warranty of defendants Expeditors International Of Washington, Inc.; Expeditors International Ocean; Expeditors International France SAS; and/or Fed Ex Trade Networks Transport & Brokerage, Inc. and/or its servants and/or agents.

22.    Therefore, if New England Motor Freight, Inc. is liable to plaintiff, whether by judgment or settlement, then New England Motor Freight, Inc. is entitled to indemnity from Expeditors International Of Washington, Inc.; Expeditors International Ocean; Expeditors International France SAS; and/or Fed Ex Trade Networks Transport & Brokerage, Inc.

**WHEREFORE**, Defendant, New England Motor Freight, Inc. demands judgment dismissing all of Plaintiff's claims against it, and that New England Motor Freight, Inc. be granted judgment on its cross-claims, together with all costs and disbursements of this action, and all other relief this Court deems just and proper.

Dated: Lake Success, New York
      January 14, 2008

ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN,
GREENBERG, FORMATO & EINIGER, LLP
Attorneys for Defendant
New England Motor Freight, Inc.

By: _____
         Todd C. Rubenstein (TCR-8884)
         1111 Marcus Avenue-Suite 107
         Lake Success, New York 11042
         516-328-2300

TO:    David L. Mazaroli (DM-3929)
       Attorney for Plaintiff
       11 Park Place
       Suite 1214
       New York, New York 10007-2801
       212-267-8480

       All other parties via ECF

## CERTIFICATION

I hereby certify that the within Answer was served upon David L. Mazaroli (DM-3929) Attorney for Plaintiff, 11 Park Place, Suite 1214, New York, New York 10007-2801, via First Class Mail on January 14, 2008 and all others by electronic case filing.

_____
Todd C. Rubenstein (TCR-8884)

Dated:  Lake Success, New York
         January 14, 2008